UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DOMINION BULK INTERNATIONAL S.A.**                     **CIVIL ACTION**

**VERSUS**                                               **NO. 07-7376**

**DORMIN SHIPPING S.A., in personam, and**               **SECTION B(4)**
**the M/V CAPETAN MINAS (formerly the M/V**
**CHIOS UNITY), her engines, tackle,**
**appurtenances, furniture, equipment, etc.,** *in rem*

ORDER AND REASONS

Before this Court is Defendant's Motion for Vessel Release (Rec. Doc. No. 41) and Plaintiff's Motion for Reconsideration (Rec. Doc. No. 45). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration is **DENIED. IT IS FURTHER ORDERED** that Defendant's Motion for Vessel Release is **GRANTED.**

*BACKGROUND*

On October 25, 2007, this Court granted Plaintiff, Dominion, motion for Writ of Foreign Attachment and Garnishment and the motion for Issuance of Warrant in rem. As a result, the U.S. Marshal seized the vessel at issue, M/V CAPETAN MINAS. Defendant filed a Motion to Vacate and Set Counter-Security and requested an expedited hearing on the matter. On November 13, 2007, this Court heard oral arguments by both parties and decided the following: the Defendant's Motion to Vacate Attachment was denied

1

and the Defendant was required to pay $800,000.00 in security to Plaintiff.  (Rec. Doc. No. 44).  Since the issuance of this order, Defendant has paid the $800,000.00 security and met all the requirements of the United States Coast Guard to lift its detention of the vessel, leaving the only remaining impediment to the vessel in resuming its trade activity as this Court's attachment.  Defendant, therefore, filed its Motion for Vessel Release (Rec. Doc. No. 41).  Meanwhile, Plaintiff has filed a Motion for Reconsideration to contest the amount of security ordered by the Court.  (Rec. Doc. No. 45).

Defendant contends that the vessel should be released as Defendant did provide security in favor of Dominion Bulk International S.A. in the amount of $800,000.00 as ordered by the Court.  Defendant acknowledges that Dominion filed a Motion for Reconsideration with this Court, but asserts that the motion presents no new evidence and offers no new argument that this Court has not already consider in the November 13, 2007 oral arguments.

In opposition to Defendant's Motion to Release, Plaintiff asserts that its motion for reconsideration, which has been filed within ten days of the ruling to be reconsidered, should be considered as a motion to alter or amend judgment under Rule 59e.  As such, Plaintiff cites as the basis of reconsideration that the judgment is based upon manifest errors of law or fact and that

manifest injustice will result.  Finally, Plaintiff states that Dormin's argument of the urgency of releasing the vessel is unfounded as more obstacles, other than this Court's attachment, prevent the departure of the ship, such as the arrest or several crew members who have not been replaced.

In Plaintiff's Motion for Reconsideration, Plaintiff indicates that it agrees with every aspect of the ruling except for the amount of security determined by the Court, which is void of the off-hire and loss of profit costs.  In addition to asking the Court to order security for Dominion's off-hire claim in the amount of $995,400 plus interest, costs and attorney's fees, and at the very least, if not both, security for loss of profit for the charter period in the amount of $3.243,200 and/or for the extra voyage in the amount of $2,250,000.00, plus interest, costs and attorney's fees.

## DISCUSSION

**A. RECONSIDERATION**

A motion for reconsideration challenging the prior judgments on the merits may be treated as a motion "to alter or amend" under Rule 59(e) if filed within ten days of judgment.  *See Lavespere v. Niagara Mach, & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir.1990) (abrogated on other grounds); *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir.1993).  Specific grounds to alter or amend judgments are not listed in Federal Rule of Civil Procedure 59, and a district court has considerable

3

discretion in deciding whether to grant such a motion. *Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 355 (5th Cir.1993). However the courts have identified several grounds upon which a Rule 59(e) motion may be granted, including:(1) that the judgment is based upon a manifest error of law or fact; (2) the existence of newly discovered or previously unavailable evidence; (3) that reconsideration is necessary to prevent manifest injustice; or (4) that serious misconduct of counsel justifies relief. *See Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 355 (5th Cir.1993); *see also Freeport-McMoran Sulphur LLC v. Mike Mullen Energy Equipment Resource*, Inc., 2004 WL 1488665, at *1 (E.D. La. 2004).

Plaintiff alleges that this Court's determination of the security in the amount of $800,000.00 is based from manifest errors of law or fact and that manifest injustice will result. Plaintiff makes this assertion because of the Court's exclusion of the off-hire and loss of profit costs to the Plaintiff. Plaintiff cites *Dongbu Express Co. Ltd. v. Navios Corporation* to assert that Plaintiff need not prove its damages with exactitude, but the court must only be satisfied that Plaintiff's claims are not frivolous.  944 F. Supp. 235 (S.D.N.Y. 1997).  Instead, Plaintiff need only present a prima facie claim, which it claims to have done. *Aqua Stoli Shipping, Ltd. v. Gardner Smith Pty., Ltd.*, 460 F.3d 434 (2nd Cir. 2006).

The Court did, in fact, order payment of security, but the

4

evidence presented before this Court regarding off-hire and loss of profit proved too speculative and were thus denied in the November 13, 2007 court order.  Plaintiff has failed to demonstrate how this ruling was based on error of fact or law or how this ruling would result in manifest injustice.  Instead, Plaintiff rehashes and reargues points already heard by this Court during oral argument held on November 13, 2007.  Therefore, Plaintiff's motion for reconsideration is denied.

### B. VESSEL ATTACHMENT

Per the Court's order, Defendant has provided Security in the amount of $800,000.00.  Specifically, Defendant has obtained a Vessel Release Bond issued by Court-approved surety International Fidelity Insurance Company in this amount.  However, the Vessel has not yet been released.  Plaintiff offers no response specifically addressing the issue of why the vessel should not be released.  Rather, Plaintiff merely attacks the Defendant's assertions of urgency of vessel release and asks this Court to deny the Motion for Release based upon a new security amount it asks this Court to order.  Seeing as though the security has been provided and there are no compelling reasons asserted to justify the continued attachment of the vessel, this Court orders the release of M/V CAPETAN MINAS, the vessel at issue.

### CONCLUSION

In sum, the issues presented before the Court concerning the amount of security have already been heard and addressed by the Court during oral argument on November 13, 2007.  Plaintiff fails to point out errors of law or fact, presents no new evidence, and fails to demonstrate how the Court's November 13, 2007 order will result in manifest injustice.  Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Reconsideration is **DENIED**.  Defendant's Motion to Release Vessel Under Attachment is **GRANTED**, as Defendant has complied with this Court's order to post $800,000.00 security.

New Orleans, Louisiana this 5th day of December, 2007.

_____

IVAN L. R. LEMELLE

UNITED STATES DISTRICT JUDGE